Armstrong vs. McMillon.

---

ARMSTRONG vs. McMILLON.

In an action of replevin, the defendant pleaded in abatement, "that he was in possession of the property as a receiver in a suit in chancery, in which A was plaintiff, and B, (*the plaintiff*,) was defendant, and that the said property was put into his hands and possession as receiver, by virtue of legal authority."

Held,

1. If this be a good defence, it would be available under the general issue.

2. The plea is defective, in not showing how, when, and where, he was appointed receiver.

ERROR to Newton Circuit Court.

Scott, J., delivered the opinion of the court.

This was an action of replevin, brought by Armstrong against McMillon, to recover the possession of certain slaves. McMillon pleaded an abatement, "that he was in possession of the slaves in the declaration mentioned, as a receiver in a suit in chancery, in which Littleberry Bedford, and Nancy, his wife, are complainants, and the said plain-

tiff, Hugh C. Armstrong, and James C. Armstrong, are defendants; and that the said property was put in his hands and possession, as receiver by virtue of legal authority, which the said defendant is ready to verify," &c.  To this plea there was a demurrer, which was overruled, and judgment was entered for the defendant.

If the property were taken from Armstrong by authority of law, and was in the hands of a receiver, appointed by a court of chancery, that court was competent to restrain any action by Armstrong, to regain possession of it, so long as the right to it was undetermined.  It would be a manifest contempt of the authority of the court, for a party in that indirect way to attempt to defeat its order.  If the defendant held the slaves as the receiver of a court of chancery, his proper course was, to apply to that court to restrain the proceedings of the plaintiff.  As he has not thought fit to do so, but has defended the action at law, his defence, if it do exist, would be available under the plea of not guilty, given by the statute to the defendant in replevin.  As it is, the plea in abatement is insufficient.  The facts, constituting the defence, are not alleged with sufficient precision to enable the party to take issue on them.  It does not appear when, where, or how the defendant was appointed receiver.

The other Judges concurring, the judgment will be reversed, and the cause remanded.